JUSTICE RICE
dissenting:
¶27 I respectfully dissent.
¶28 The Court finds under Issue 2 that the District Court's oral pronouncement of sentence conflicts with the written sentence, and thus requires the oral pronouncement to control, relying on State v. Lane, 1998 MT 76, 288 Mont. 286, 957 P.2d 9. The Court's holding imposes an eight-year sentence, and thereby reduces the length of Ringewold's original sentence-a result clearly not intended by the District Court, which wanted the entirety of the original sentence to be served for the protection of the community. In so holding, the Court *235 violates the very statute it seeks to enforce under Issue 1. Section 46-14-312(4), MCA, requires that the "length of confinement or supervision must be equal to that of the original sentence." This provision prohibits an amended sentence which reduces the length of the original sentence.
¶29 Lane requires an oral pronouncement of sentence to control when it is "unambiguous." Lane, ¶ 39. Here, the oral pronouncement of sentence was not unambiguous, but, to the contrary, contained a deliberate ambiguity that the judge wanted to resolve prior to the entrance of the written sentence. Although the judge mentioned "8 years" from the bench, she explained in the same breath that she was admittedly unsure of the time which remained on the original sentence, and asked counsel to calculate the precise time remaining so that Ringewold would not serve any longer than the term imposed under the original sentence, which counsel agreed to do.
Court: ... So-based on all of that I am going to order that he be released from~be transferred from Warm Springs to the Department of Corrections for a period of 8 years and you need to figure out exactly how much time that is, because it can't go beyond the total he is serving, can't go beyond what he was originally sentenced to. So you said that he has been at Warm Springs for approximately four years, but you need to find out exactly because I don't want him to have to serve more than the original sentence.
Counsel: I will.
¶30 As the District Court intended, the deliberate ambiguity about the term of the sentence was resolved in the written amended judgment. Therefore, Lane s instruction that "[t]he true function of the written judgment is to help clarify an ambiguous oral sentence" is very necessary here, where the oral pronouncement deliberately contemplated that the written judgment would resolve the ambiguity. Lane, ¶ 37. Further, the ambiguity was discussed by the judge in the presence of the Defendant, giving him notice and opportunity to respond, as required in State v. Waters, 1999 MT 229, 296 Mont. 101, 987 P.2d 1142.
¶31 The "eight years" referenced by the sentencing judge was nothing more than an estimation of term which she immediately qualified, and it is regrettable that the Court chooses to enforce it. A close review of the portion of the oral pronouncement quoted above reveals that the sentencing judge also mistakenly released the Defendant-and then immediately adjusted her statement by clarifying she was, in fact, transferring the Defendant to the Department of Corrections. Sentencing judges must have enough latitude to correct this kind of misstatement.
¶32 The amended judgment reimposed the original sentence, but gave Ringewold credit for the time he had served under the original *236 judgment, thus implementing the District Court's expressed intention that the length of Ringewold's sentence would not be increased. This was further clarified in the District Court's order of March 31, 2000. The District Court thus properly implemented § 46-14-312(4), MCA.
¶33 Under Issue 1, the Court has remanded this matter to determine whether Ringewold is being denied consideration for parole because of his failure or inability to satisfy the additional treatment conditions imposed by the District Court under the amended judgment. If so, the Court requires the conditions to be stricken.
¶34 Section 46-14-312, MCA, is a unique sentencing statute which governs the sentencing of a defendant who suffers from a mental disease or defect affecting his ability to appreciate the criminality of his behavior. The statute provides for subsequent review of the original sentence by the District Court upon certification by a professional person that the defendant's mental condition has improved or that treatment is either unavailable or ineffectual. Section 46-14-312(3), MCA. In reviewing the sentence, "[t]he sentencing court may make any order not inconsistent with its original sentencing authority, except that the length of confinement or supervision must be equal to that of the original sentence." Section 46-14-312(4), MCA. Section 46-14-313, MCA, then provides that "[a]t the expiration of the period of commitment or period of treatment specified by the court under 46-14-312, the defendant must be discharged from custody and further supervision..."
¶35 The purpose of these provisions is to give the sentencing court the necessary flexibility to address changes in a mentally impaired defendant's condition or in treatment options. Pursuant thereto, the sentencing court is endowed with the same statutory authority it possessed at the original sentencing, except that the length of confinement or supervision must be equal to that of the original sentence.
¶36 Here, the District Court imposed a term of sentence which was the same as imposed under the original sentence. Notwithstanding, the Court has determined that imposition of sentence conditions which affect parole eligibility is impermissible, holding at ¶ 17, "[W]e conclude that the practical effect of the conditions is to lengthen Ringewold's sentence in violation of § 46-14-312(4), MCA."
¶37 The Court's focus on the "practical effect" of the sentence on Ringewold's parole eligibility misapplies the statute. The statute addresses term of sentence, and the purpose from its plain meaning is to require the term of sentence to remain constant under the amended sentence, although the conditions addressing a defendant's changing mental condition may be revised in accordance with the court's exercise of its "original sentencing authority," as authorized by the statute. The statute does not require elimination of any "practical effect" the new conditions may have on a defendant's parole eligibility *237 date. By so holding, the Court has improperly interjected parole consideration into this sentencing provision.
¶38 The Court has apparently interpreted the phrase, "the length of confinement or supervision must be equal to that of the original sentence," as requiring day-for-day equivalence in the length of confinement between the original and amended sentences, and presumably, the same day-for-day equivalence in the length of supervision as well. Under the Court's interpretation, any condition imposed by the sentencing court in an amended sentence which affects the time of confinement or the time of supervision is improper.
¶39 However, the statute is properly interpreted to require only that the term of the amended sentence, which the statute describes by reference to its components-confinement or supervision- must be the same length as imposed under the original sentence. Responding to the changing mental condition of a defendant, the sentencing court may impose new conditions, or delete conditions. These decisions may speed or delay the defendant's parole eligibility date, but are permissible as long as the length of the sentence-confinement or supervision-remains the same. For example, in this case, the District Court's amended judgment deleted Ringewold's dangerous offender designation, a change which would normally have the effect of making a defendant eligible for parole earlier. This action would decrease the length of his confinement, and increase the length of his supervision, but the total length of his sentence would remain the same, and thus should be permissible. Under the Court's decision herein, such an action violates the statute.
¶40 For these reasons, I would affirm the District Court.
CHIEF JUSTICE GRAY joins in the dissent of JUSTICE RICE.